(102 N. W. 311.)

---

## B. G. CANFIELD v. A. L. ORANGE.

Opinion filed January 9, 1905.

**Real Estate Broker — Compensation.**

1. Defendant made a contract with plaintiff whereby the latter was employed to effect a sale of the former's land within a given period for cash so as to yield the defendant $2,500, and the plaintiff was to receive as her compensation all that she could obtain for the land above that sum. Plaintiff procured a purchaser, who agreed to buy the land for $2,880, and she made an arrangement with him whereby the sum of $2,500 cash was to be paid to defendant, and plaintiff would receive the purchaser's notes secured by mortgage on the land for the remainder of the purchase price. The sale was prevented by defendant's refusal to convey. *Held,* that defendant is liable to the plaintiff for the loss which she suffered.

**The Broker's Profits the Measure of Damages.**

2. The measure of plaintiff's loss is the profit she would have made had the sale been consummated.

**False Certificate of Acknowledgment and Subsequent Signing by Witness Not Material Alterations.**

3. Attaching a false certificate of acknowledgment to the paper upon which the contract was written, and the signing of the agreement by the plaintiff and a witness, all done without defendant's knowledge, some time after its execution by him, are not material alterations.

Appeal from District Court, Barnes county; *Glaspell*, J.

Action by B. G. Canfield against A. L. Orange. Judgment for defendant, and plaintiff appeals.

Reversed.

*Young & Wright* and *S. M. Lockerby*, of counsel, for appellant.

Where a broker closed a deal and sent notice by mail within the prescribed time, his right to commissions was not affected by any failure of the mails to deliver the information. Gibbons v. Sherwin, 44 N. W. 99; O'Connor v. Semple, 15 N. W. 136.

An agency giving a broker the exclusive right to sell for a stated period, and giving him all that he can get over a stated amount, is not revocable at the pleasure of the principal, after the agent has rendered substantial services in the performance of his contract. Stringfellow v. Powers, 4 Tex. Civ. App. 199; Blumenthal v. Goodall, 26 Pac. 906; Levy v. Rothe, 17 Misc. Rep. 402, 39 N. Y. S. 1057; Ward v. Fletcher, 124 Mass. 224; Moses v. Bierling, 31 N. Y. 462; Attix v. Delan, 5 Ia. 336; Glover v. Henderson, 120 Mo. 367, 25 S. W. 175.

The compensation is earned when plaintiff produced a purchaser upon the described terms, and the inability of defendants to convey was an independent matter, for which they, not plaintiffs, were responsible. Hamlin v. Schutle, 27 N. W. 301; Mooney v. Elder, 56 N. Y. 238; Hannan v. Moran, 38 N. W. 909.

A broker is entitled to his commissions, either when he has produced and presented to his principal a person who is ready, willing and able to purchase, or when he has entered into a valid and enforceable contract with such proposed purchaser. Walsh v. Hastings, 38 Pac. 324; McFarland v. Lillard, 28 N. E. 229; Hopwood v. Corbin, 18 N. W. 911; Gelatt v. Ridge, 23 S. W. 882, 38 Am. St. Rep. 683; Cassady v. Seely, 29 N. W. 432; Phelan v. Gardner, 43 Cal. 306; Neilson v. Lee, 60 Cal. 555; Gauthier v. West, 47 N. W. 656; Hopwood v. Corbin, 18 N. W. 911; Putzel v. Wilson, 49 Hun. 220, 38 N. Y. S. 81.

It is immaterial that the negotiations were conducted by plaintiff's husband, acting as her agent. She had a right to employ whomever she saw fit to aid her. Carter v. Webster, 79 Ill. 435; Barthell v. Peter, 60 N. W. 429, 43 Am. St. Rep. 906; Leonard v. Roberts, 36 Pac. 880.

The addition of a false certificate of acknowledgment does not constitute a material alteration, because such acknowledgment does not entitle it to record or change the character of the proof required to establish its execution. Arn v. Mathews, 18 Pac. 65; 2 Cyc. 205; 2 Am. & Eng. Enc. Law (2d Ed.) 245.

If an officer, to whom an instrument is delivered for acknowledgment, is mistaken as to the forms the law requires to be observed, it should not militate against the person delivering it. It at most is but the spoliation of a stranger, innocently made, which does not invalidate a contract. Kingan & Co. v. Silvers, 37 N. E. 413; Ames v. Brown, 22 Minn. 257; Colson v. Arnot, 57 N. Y. 253; Union Nat. Bank v. Roberts, 45 Wis. 373.

*Thorp & Thorp,* for respondent.

Appellant entered into a contract with one Collins, under the terms of which Collins only agrees to pay $1,160 cash in addition to the $100 already paid, and to assume a mortgage for $1,200 and to pay the balance of $480 in one, two and three years, according to the terms of another mortgage to be given back on the land to Canfield by Collins. Respondent would not receive the full amount of the purchase price until he had made a conveyance to Canfield or Collins. But respondent under his contract with his broker was to receive his money when he conveyed the land, and the latter had no right to assume that respondent would consent to trust the Canfields with the title that they might raise the money on the premises conveyed.

A broker's contract is not performed by producing a party on the last day of the period given him in which to sell, but who asks for further time. Watson et al. v. Brooks et al., 3 Pac. 679.

The agent must affirmatively show that he has performed his duty in conformity with the authority conferred upon him, and within the time limited, before he can recover his commission. Dent v. Powell, 61 N. W. 1043; Blodgett v. Sioux City & St. P. Ry. Co., 19 N. W. 799; Freedman v. Gordon, 35 Pac. 879; Seimsen v. Homan, 53 N. W. 1012; Greusel v. Dean, 67 N. W. 275; Iselin v. Griffith, 18 N. W. 302.

Burden is on the broker claiming commissions to show all facts necessary to a full performance by him of his undertaking. 23 Am. & Eng. Enc. Law (2d Ed.) 918. And that he has performed his whole duty. Masten v. Griffing, 33 Cal. 111; Blumenthal v. Goodall, 25 Pac. 131.

Before a broker or customer is entitled to a deed and conveyance of the premises, he must tender to the owner the purchase price under an agreement entered into in pursuance of the authority vested in the broker. Dent v. Powell, 61 N. W. 1043; Sawyer v. Brossart et al., 25 N. W. 876; Baker v. Holt, 14 N. W. 8.

Respondent should not be precluded from defending upon one ground because he placed his repudiation upon another. Gilbert v. Baxter, 32 N. W. 364.

The broker must produce and disclose to the owner the proposed purchaser before he is entitled to his commissions, or tender an enforceable contract containing only such terms as are authorized. Baars v. Hyland, 67 N. W. 1148; Hurd v. Neilson, 69 N. W. 867; Hannan v. Fisher, 46 N. W. 225; Gunn v. Bank of California, 33 Pac. 1105; 23 Am. & Eng. Enc. Law (2d Ed.) 915, 916; Hayden v. Grillo, 35 Mo. App. 647; Stinde v. Sharff, 36 Mo. App. 15; Hackman v. Gutweiler, 66 Mo. App. 244.

When the terms of the offer contemplated by the owner are changed by the broker, the broker is entitled to no commissions. Berry v. Tweed, 61 N. W. 858; Sawyer v. Bowman, 59 N. W. 27; Cremer v. Miller, 57 N. W. 318; Flower v. Davidson, 46 N. W. 308; Smith v. Allen, 70 N. W. 694; Balkema v. Searle, 89 N. W. 1087; Muffatt v. Gott, 42 N. W. 149; Speer v. Craig, 27 Pac. 891; Field v. Small, 30 Pac. 1034; Thomas v. Joslin, 15 N. W. 675; Scribner v. Hazeltine, 44 N. W. 618; Huffman v. Ellis, 90 N. W. 352; Jackson et al. v. Badger, 26 N. W. 908.

An acknowledgment of an instrument, and the signature of an attesting witness, without the knowledge and consent of the maker thereof, are material alterations. Civil Code, 3938; 2 Am. & Eng. Enc. Law (2d Ed.) 185, 186; 2 Am. & Eng. Enc. Law (2d Ed.) 203, 245; Cutler v. Rose, 35 Ia. 456; Adams v. Frye, 3 Metcalf 103.

ENGERUD, J. Plaintiff sues to recover $380 damages for the breach of a written contract made by defendant on April 16, 1902, and which was, in substance, as follows: The defendant empowered plaintiff to sell for him a quarter section of land "for the sum of $2,500 net, to be paid upon the terms as follows: As per contract

to suit purchaser. * * * The right is reserved to revoke this agency in writing after November 1st, 1902. The second party agrees to try and sell the above land, and for such services the first party agrees to pay to the second party all what he may get in excess of twenty-five hundred dollars. When second party finds purchaser the first party agrees to deed by warranty deed, free from all incumbrances, and first party agrees to furnish abstract of said land." The nature of the defense interposed will sufficiently appear in the subsequent discussion of the questions arising on this appeal. The issues were, by stipulation, submitted to the court for trial without a jury. The trial court found for defendant, and ordered judgment, dismissing the action on the merits. The plaintiff appealed from the judgment, and demanded a new trial of the entire case, under section 5630, Rev. Codes 1899, and has had a statement of the case properly settled for that purpose.

The evidence shows without substantial dispute that pursuant to the contract above mentioned the plaintiff, in good faith, advertised the land for sale, and sought to get a purchaser. On October 27, 1902, she induced one R. E. Collins, of South Dakota, to agree to buy the land for $2,880, and on that day made an agreement with Collins, which was reduced to writing, and reads as follows:

"Sanborn, N. D., Oct. 27, 1902.

"Received of Robert E. Collins, a check for one hundred dollars to apply on payment for the w½ of se¼ and the e½ of the sw¼ of section 34, township 140, range 61. The further sum of eleven hundred dollars to be paid by Mr. Collins when abstract and warranty deed is furnished. Mr. Collins agrees to assume a mortgage of $1,200 which there is to be on said land. Said mortgage to draw interest at the rate of 6 per cent per annum. The purchase price of said land is to be $2,880.00. The balance due on said land after Mr. Collins pays the $1,200.00 and assumes the mortgage of $1,200.00, is to be paid on the following dates: $180.00 on or before November 1, 1903; $150.00 on or before November 1, 1904; $150.00 due on or before November 1, 1905, said sums to draw interest at 6 per cent per annum. Mr. Collins agrees to give a mortgage back on said land for the amount remaining unpaid after the $1,200.00 cash is paid and the assumption of the $1,200.00 mortgage.                                        A. A. CANFIELD.

"Correct—Robert E. Collins."

The evidence clearly shows that Mr. Collins made the agreement to purchase in good faith, and was anxious to complete the bargain. On October 28, 1902, plaintiff notified defendant, by registered letter, that she had sold the land, and that the purchase money would be ready in a few days to be paid to defendant upon delivery of the deed and abstract by him. This letter reached defendant's postoffice October 30, 1902, but he asserts that he did not actually receive it until November 6, 1902. On November 1st the defendant notified plaintiff by letter that he had withdrawn the land from sale. On the same day, after receipt of this letter, plaintiff's husband, acting for her, talked with defendant by 'phone, and advised him of the fact that a sale of the land had been effected, and demanded that defendant execute the necessary deeds and furnish an abstract; but the defendant refused to do so on the ground that he had, by letter, withdrawn the land from sale. By reason of defendant's refusal to convey the land, the plaintiff lost the profits she would have made by her bargain with Collins. It is undisputed that plaintiff had made arrangements to advance $1,300 for Collins, which, with the $1,200 furnished by the latter, was to be paid to defendant in payment of the sum of $2,500 which he was to have for the land. The plaintiff intended to have the land deeded to herself in order to mortgage it for a loan of $1,200 to reimburse herself to that extent for the money advanced by her, and she would then deed to Collins, who was to assume this mortgage, and execute a second mortgage for $480 to plaintiff to secure the payment to her of the remainder of the purchase price. It is claimed by defendant that this bargain between plaintiff and Collins was not in accordance with the terms upon which plaintiff was authorized to sell, and hence that plaintiff had failed to furnish a buyer of the land ready, able and willing to buy upon the terms fixed by defendant. This contention is unsound. The contract between plaintiff and defendant was not strictly an agency contract, whereby the plaintiff was made the agent of defendant to negotiate a sale upon stated terms and conditions which were to be the measure of the agent's authority. Neither is it an agreement merely that plaintiff was to be paid a given commission for finding a purchaser to whom defendant could sell the land on given terms. The effect of the contract was to empower the plaintiff to negotiate any bargain she saw fit within the time limited, which would yield the defendant $2,500 in cash, for a conveyance of the land, payable on delivery of a deed conveying a clear title. It was no concern of the defendant what bargain the plaintiff made,

or with whom she made it, provided it enabled the defendant to effect an immediate sale of his land for $2,500 cash, without being burdened with any conditions or obligations other than to give a warranty deed conveying a clear and unincumbered title. We say that the contract contemplated a cash sale, because that is the understanding which the evidence shows the parties themselves had of the contract. It is also the construction assumed by counsel, and is the interpretation most favorable to defendant. It is undisputed that the plaintiff had in good faith effected an arrangement whereby the defendant's land would be sold so as to yield the defendant $2,500 in cash. The consummation of the bargain was prevented solely by the refusal of the defendant to comply with his obligation to convey according to his contract with plaintiff. The plaintiff thereby lost $380, which is the amount she would have made had the defendant performed his obligation. The notes and mortgage which plaintiff was to receive from Collins would presumptively have been worth their face. Rev. Codes 1899, section 5012; Anderson v. Bank, 6 N. D. 497, 72 N. W. 916.

The attempted cancellation by defendant of his contract with plaintiff, on November 1st, was ineffectual, because the contract was not revocable until after November 1, 1902, and plaintiff had, before the attempted revocation, completed negotiations for a sale, and had notified the defendant of that fact during the life of the contract.

The fact that plaintiff agreed with Collins to accept notes secured by mortgage for part of the purchase price did not affect the defendant's rights. The defendant was entitled to $2,500 in cash, and no more, and this he would receive by the arrangement made. The plaintiff was entitled to all that was received for the land above that amount. The agreement by plaintiff to take Collins' notes for the remainder of the purchase price exonerated the defendant from all liability to plaintiff therefor. We cannot conceive of any ground for objection on defendant's part to such an arrangement. The same result would have been accomplished if, plaintiff had gone through the form of advancing $480 for Collins to defendant and then received the money back from the latter.

It is true that no money was actually tendered to defendant, but a tender would have been a useless formality, because the defendant had unequivocally repudiated his contract with plaintiff.

It is also claimed that plaintiff had been guilty of a material alteration of the writing which evidenced the contract between her

and defendant. The facts upon which this defense is based are that at some time after defendant had signed the contract the plaintiff attached her signature to it; and one Lilly, who was a justice of the peace, attached a certificate of acknowledgment thereto, and also signed the document as a witness. Evidence was introduced tending to show that the certificate of acknowledgment was false, and that Lilly's signature as an ostensible witness was unwarranted. The alleged alteration was not material. The written contract itself was not changed, or its legal effect in any manner affected. It was not a contract that affected the title to real property, and the acknowledgment, even though it enabled the plaintiff to have it spread upon the public records, did not change the character of the document, or affect defendant's title. 2 Cyc. 142; 2 Enc. of Law (2d Ed.) 185; Fuller v. Green, 64 Wis. 159, 24 N. W. 907, 54 Am. Rep. 600.

The judgment is reversed, and the district court is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $380, and interest thereon at seven per cent per annum from November 1, 1902, and for the taxable costs and disbursements. All concur.