# CASES

### ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

THE CITY OF BLOOMINGTON.

*Filed at Springfield April 3, 1897—Rehearing denied June 3, 1897.*

1. HIGHWAYS—*elements necessary to constitute a highway by prescription.* To constitute a highway by prescription, the use of the land by the public as a way for the requisite twenty years must be uninterrupted, adverse and under claim of title.

2. SAME—*evidence material on attempt to establish a highway by prescription.* Where a city seeks to establish a highway by prescription along a railroad right of way, evidence that the city, during the period it claims adverse user, had recognized the company's right of way as an easement or by title is material and competent.

3. EVIDENCE—*acts inconsistent with claim of adverse user for twenty years.* The bringing of a suit and recovery of judgment by a city against a railroad for the cost of building a crossing over land which it alleged was the company's right of way, and the levying of special taxes on the land against the company, all within the period for which the city claims adverse, uninterrupted possession of the land as a highway, are acts inconsistent with such claim.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Williams & Capen, for appellant:

A railroad right of way cannot be condemned longitudinally for a street. *Valparaiso* v. *Railway Co.* 42 Am. & Eng. Ry. Cas. 685; *Crossley* v. *O'Brien*, 24 Ind. 325; *Railroad Co.* v. *Railroad Co.* 122 Ill. 473.

When a railroad company has entered upon land with the express or implied consent of the owner, and has commenced to operate its road, the owner can maintain neither ejectment nor other possessory action against it. *McAuley* v. *Railway Co.* 33 Vt. 311; *Lawrence* v. *Morgans, etc. Co.* 39 La. Ann. 427; *Railway Co.* v. *Taylor*, 22 Am. & Eng. Ry. Cas. 123, notes; *Railway Co.* v. *McBroom*, 114 Ind. 198.

Where the railroad company unlawfully takes land, and the land owner makes no show of resistance, he will be deemed to have waived his right to bring trespass or ejectment. *Harlow* v. *Railway Co.* 41 Mich. 336; *Hentz* v. *Railway Co.* 13 Barb. 646; *Gooden* v. *Railway Co.* 18 Ohio St. 169; *Attorney General* v. *Railway Co.* 9 C. E. Green, 49; *Railway Co.* v. *Ormsby*, 7 Dana, 276.

Where there has been an open, adverse and exclusive use of a public street or highway, and non-user by the public, for twenty years, the street is abandoned. *Auburn* v. *Goodwin*, 128 Ill. 57.

The mere acquiescence of the owner in public travel over uninclosed land for over twenty years is insufficient to create a public highway. *Fox* v. *Virgin*, 5 Ill. App. 515.

Actual possession is not necessary to maintain trespass where the party has title to the soil, the title drawing to it the possession; nor where there is not an actual exclusive possession by another to the whole. *Wilcox* v. *Kinzie*, 3 Scam. 218; *Hoots* v. *Graham*, 23 Ill. 81; 4 Kent's Com. 119; 3 Blackstone's Com. 210; *Riley* v. *People*, 29 Ill. App. 139; *Brooke* v. *O'Boyle*, 27 id. 384; 1 Chitty's Pl. 177.

As between the same parties, declarations made in the pleadings in a previous suit are proper evidence as admissions against the pleader in a subsequent suit, and still more so as to a judgment. *Daub* v. *Englebach*, 109 Ill. 267;

*Robbins* v. *Butler*, 24 id. 387; *Railway Co.* v. *Boone County*, 44 id. 240; *Taylor* v. *Field*, 22 Ill. App. 436; *Soaps* v. *Eichberg*, 42 id. 375; *Fairbanks* v. *Badger*, 46 id. 644.

Jacob P. Lindley, City Attorney, (J. H. Rowell, and James S. Neville, of counsel,) for appellee:

User for twenty years establishes highways by prescription, at common law. *Lewiston* v. *Proctor*, 27 Ill. 414.

The non-user of an easement by the public for twenty years affords a presumption of extinguishment, though not a very strong one. *Auburn* v. *Goodwin*, 128 Ill. 57.

The hostile possession of the longitudinal portion of a railroad right of way under claim of title, when such possession is inconsistent with the owner's title, constitutes an adverse possession, and when such possession continues for twenty years the owner of the title will be barred from his action for the recovery of such land. *Railroad Co.* v. *Houghton*, 126 Ill. 233.

Using and controlling property as owner is the ordinary mode of asserting a claim of title, and it is the only proof of which a claim of title to a very large portion of property is susceptible. *James* v. *Railroad Co.* 91 Ill. 554; *Railroad Co.* v. *Houghton*, 126 id. 233.

There can be no constructive possession of lands in the owner where the actual possession is in another. *Halligan* v. *Railroad Co.* 15 Ill. 560.

Continued use of a highway is possession. Elliott on Roads and Streets, 140; *Barker* v. *Clark*, 4 N. H. 380; *Jones* v. *Percival*, 5 Pick. 485; *Lanton* v. *Rivers*, 4 McCord, 445; *Rosser* v. *Bunn*, 66 Ala. 89.

The use of a highway by the public for twenty years will raise a presumption that the use was adverse. *Toof* v. *Decatur*, 19 Ill. App. 204; *Lewiston* v. *Proctor*, 27 Ill. 417; *Chicago* v. *Wright*, 69 id. 327.

The levy and collection of taxes on land by a city against the owners does not estop the city to afterwards show that the land was a highway. *Toof* v. *Decatur*, 19

Ill. App. 208; *Chicago* v. *Wright,* 69 Ill. 328; *Lemon* v. *Hayden,* 13 Wis. 159; *Wyman* v. *State,* id. 663.

Mr. Justice Phillips delivered the opinion of the court:

This is an action of trespass brought by appellant, against appellee, to recover damages for cutting down certain posts and sign-boards and entering upon and grading certain lands on the west side of appellant's track in the city of Bloomington. From judgment in favor of appellee an appeal has been taken to this court.

Under the pleas filed the principal question or fact arising on this record is, whether the property destroyed and the grading of the land were on appellant's right of way or within the public highway of the city. The streets within the city of Bloomington running east and west and crossing the *locus in quo,* commencing at the south, are Washington, Jefferson, North, Market, Douglas, Mulberry, Locust, Chestnut, Walnut and Empire. Four of these running from the west towards the east extend no further than to the right of way of the appellant company, namely, North, Market, Douglas and Mulberry. Before the railroad was built at the *locus in quo,* Washington street was the county road, and soon afterward Jefferson street was extended across the railroad track. In 1872 Locust and Chestnut streets were similarly extended, as was also Walnut a short time before the commencement of this suit. Empire street, which is on the township line, was laid out in 1855. In 1855 none of these streets at the *locus in quo* were in existence. A public highway four rods wide, having for its center the line between sections 3 and 4, was laid out from Washington street on the south to what is now Empire street on the north, as now extended. At what is now Empire street this highway turned east for a few rods and thence ran north. From a period prior to 1845, and until 1852, when appellant laid its track, this highway between sections

3 and 4 existed and was traveled as a public highway. In the latter year appellant laid its track approaching the section line at an acute angle, crossing the section line a short distance north of Chestnut street and to run eighty-one feet east thereof at Jefferson street and twenty-one feet west thereof at Empire street. The land east of the said section line was owned by David Davis. W. F. Flagg owned the land west of the section line as far south as the middle of the block, between Mulberry and Douglas streets. William Dimmitt owned from this point to North street, one Nicols from North to Jefferson, and Robert Fell from Jefferson to Washington. By purchase or acquiescence of land owners appellant obtained the right of way extending seventy-five feet west of its said track as far north as Flagg's land and forty feet west of its track for the remainder of the distance. When procuring its right of way appellant obtained a bond from Flagg, in which it was recited that it had obstructed and closed up a public right of way and was by law required to lay out and provide a new one to accommodate public travel, and in which bond Flagg obligated himself to convey a strip of land for such contemplated road. About 1852 or 1853 appellant erected a fence forty feet west of this track, from where is now Empire street, to the south side of Flagg's land, and from forty-five to fifty-five feet west of the track from that point to North street, where a fence was built connecting with a fence along the right of way to the crossing. From North street to Washington street the lands along the right of way were open. Along the west side of the track additions to the city were laid out between 1852 and 1867, and a twenty-foot roadway between these additions to the railroad fence was dedicated to the public and used and traveled as a highway. About 1870 the fence inclosing the right of way of the railroad company ceased to exist, and the line of travel was widened so as to include part of the land which had formerly been inclosed by

the fence along the right of way. It is claimed by the city that the land where the street was so widened was used as a public way continuously, adversely and under claim of right for more than twenty years before the posts and sign-boards were placed therein by appellant, the removal of which is the basis for this action.

To constitute a highway by prescription the use for the requisite time must be uninterrupted, adverse and under claim of right. Evidence was offered to prove the fact that there was not this continuous claim of right asserted by appellee against appellant for the requisite time. The evidence to show this fact was the record of the pleadings and judgment in a certain action by appellee against appellant relating to the construction of a crossing and approaches at Chestnut street in 1872, and also proceedings in 1888 relative to special taxes for brick pavements and sewers over what appellant claims as its right of way at Chestnut and Locust streets.

In 1872 appellee sued appellant to recover costs of making a crossing and approaches thereto over the railroad track at Chestnut street by reason of the extension of that street towards the east. The declaration in that case alleged the right of way of appellant included that part of Chestnut street which lay west of the railroad track and now claimed by the city and by the public as a way by prescription. In that action a recovery was had in favor of appellee. It further appears that in 1888, under ordinances by the city and a certain petition and proceedings thereunder, special taxes were levied against appellant for the construction of brick pavements and sewers on Chestnut and Locust streets, and by this proceeding the right of way along the *locus in quo* was stated to include that part of the highway which is now sought to be claimed under prescriptive use. By a compromise between the city and the railroad company a certain sum was paid. This evidence was excluded by the trial court and its exclusion is assigned as error.

This evidence was material and competent, as it was in conflict with the contention of the city that its use of the way was adverse and under claim of right. If the city recognized the right of way of the company as an easement or by title during the period of time it was claimed the way as a street was gained by a prescriptive use, that fact would be material. The excluded evidence tended to prove this fact, and it was error to exclude it. The assertion of a right of recovery by the city against the appellant in 1872, and its action in levying special taxes for sewers and paving in 1888 across the very land which it now claims it acquired by a prescriptive use between 1870 and 1891, were acts inconsistent with the claim of a use hostile and adverse to appellant's rights.

For the error in the exclusion of this evidence the judgment of the circuit court of McLean county is reversed and the cause remanded.

*Reversed and remanded.*