(June 27, 1904.)

## HESSE v. STRODE.
### [77 Pac. 634.]

REAL ESTATE—TITLE BY ADVERSE POSSESSION—TAXATION BY CITY—ES-
TOPPEL.

1. Where the city erected a fire-engine house on its own lot and
on a small fraction of an adjoining lot, and maintained such
house there for about twenty years, and in the meantime assessed
for taxation said fractional part of the adjoining lot with the
remaining part thereof to the owner, and collected and received
such taxes and charges for street paving, sidewalk, sprinkling
and other city purposes, it is estopped from claiming title thereto
by adverse possession.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honor-
able George H. Stewart, Judge.

Action to quiet title to certain land. Judgment for defend-
ants. Affirmed.

The facts are stated in the opinion.

Alfred A. Fraser and Charles M. Kahn, for Appellants.

Under the facts in this case as stipulated and agreed to, the
plaintiffs herein base their right to recover upon two points:
1. That the city acquired title to said tract of land by adverse
possession of the same; and 2. That the defendants are es-
topped to claim title to said tract of land in controversy by
reason of the acquiescence of the defendants' predecessors in
interest in the boundary line between said tracts of land by
permitting, without objection, the city to erect the building
upon the same and occupy the same without protest for a period
of almost twenty years. On the question of adverse possession,
the facts in this case establish all the elements necessary in such
case, with the exception of the payment of taxes upon the prop-
erty in dispute. The appellants contend that it was not neces-
sary for the city to pay taxes upon this property in order to

acquire title by adverse possession, as the city, under the constitution and laws of the state of Idaho, is not required to pay taxes upon property. (Rev. Stats. 1887, sec. 1401; Idaho Const., art. 7, sec. 4; *United States v. Schwalby,* 8 Tex. Civ. App. 679, 29 S. W. 90; *Stanley v. Schwalby,* 147 U. S. 508, 13 Sup. Ct. Rep. 418, 37 L. ed. 259; *Grimm v. Curley,* 43 Cal. 250; *Brown v. Lette,* 2 Fed. 440, 6 Saw. 332.) It is held that acquiescence for a great number of years is conclusive evidence of an agreement to that line. No express agreement need be shown. : (*Rockwell v. Adams,* 7 Cow. 761.) A line which parties have agreed to, either expressly or by acquiescence, will not be disturbed. (*McCormick v. Barnum,* 10 Wend. 105. See *Riley v. Griffin,* 16 Ga. 141, 60 Am. Dec. 726.) Standing by while a party subjected himself to expenses in regard to the land which he would not have done had not the line been located as it was, may perhaps warrant the presumption of a grant within the statute period. (*Adams v. Rockwell,* 16 Wend. 285, 302.) Acquiescence is conclusive evidence of an agreement as to a boundary, and such agreement need not be shown by direct evidence, but is inferred from conduct and such acquiescence. (*Turner v. Baker,* 64 Mo. 218, 27 Am. Rep. 226; *Baldwin v. Brown,* 16 N. Y. 359; *Jones v. Pashby,* 67 Mich. 459, 11 Am. St. Rep. 589, 35 N. W. 152; *Gwynn v. Schwartz,* 32 W. Va. 487, 9 S. E. 880; 4 Am. & Eng. Ency. of Law, 2d ed., 863; *O'Donnell v. Penney,* 17 R. I. 164, 20 Atl. 305; *Swettenham v. Leary,* 18 Hun, 284.)

W. E. Borah, for Respondents.

In the absence of the evidence of intention to hold adversely the presumption would be that he intended to hold to the true line. (*Tam v. Kellogg,* 49 Mo. 118.) "Occupation such as will constitute a disseisin of the true owner and give title by adverse possession must be accompanied with claim of title." This authority also lays down the rule that the burden is upon the plaintiff to establish every essential ingredient of his rights. and that the presumptions are in favor of the true title. (*Altschul v. O'Neil,* 35 Or. 202, 58 Pac. 95.) Under the statutes

of Idaho, adverse possession cannot ripen into title unless the party has paid all taxes assessed against the land according to law. (Idaho Rev. Stats., sec. 4043; *Green v. Christie,* 4 Idaho, 438, 40 Pac. 54.) In respect to the title to real estate, if the party claiming title is acquainted with the true state of the title or has an equal means with the other party of ascertaining it as in the case of a duly recorded deed, there will be no estoppel, at least from mere silence. (*Clark v. Parsons,* 69 N. H. 147, 76 Am. St. Rep. 157, 39 Atl. 899; *Odlin v. Gove,* 41 N. H. 465, 77 Am. Dec. 773; *Wood v. Griffin,* 46 N. H. 230; *Mountain Lake Co. v. Schartzer,* 83 Md. 10, 34 Atl. 536; *Reynolds v. Insurance Co.,* 34 Md. 280, 6 Am. Rep. 337; *Jameson v. Rixey,* 94 Va. 342, 64 Am. St. Rep. 726, 26 S. E. 863; *Poynter v. Chapman,* 8 Utah, 442, 32 Pac. 693.) As to boundary line by acquiescence: *Biggins v. Champlin,* 59 Cal. 113; *Cooper v. Vierra,* 59 Cal. 282; *Sneed v. Osborn,* 25 Cal. 619; *McCormick v. Barnum,* 10 Wend. 104; *Jackson v. Van Corlaer,* 11 Johns. 123; *Perkins v. Gay,* 3 Serg. & R. 327, 7 Am. Dec. 653; *Moyle v. Connelly,* 50 Cal. 295; *City of Bloomington v. Bloomington etc. Assn.,* 126 Ill. 221, 18 N. E. 300; *Mullaney v. Duffy,* 145 Ill. 559, 33 N. E. 750; *Liverpool v. Prescott,* 7 Allen, 494; *Quick v. Nitschelm,* 139 Ill. 251, 28 N. E. 926-929; *Schraeder. Co. v. Packer,* 129 U. S. 688, 9 Sup. Ct. Rep. 385, 32 L. ed. 760; *Watrous v. Morrison,* 33 Fla. 261, 39 Am. St. Rep. 139.

SULLIVAN, C. J.—This action was begun by Boise City, and thereafter the present appellants were substituted as plaintiffs. The action is to quiet title to a strip of ground two feet nine inches wide, off of the east side of the west half of lot 8, block 7 of the original townsite of Boise City. The case was tried upon an agreed statement of facts, and upon that statement the court rendered its decision in favor of the defendants who are the respondents here. The appeal is from the judgment. The following facts appear from the record: It was stipulated by the respective parties that the abstract of title marked exhibit "A" was a true and correct abstract of title to lot 8, block 7 of the original townsite of Boise City, and showing correctly the chain of title to said lot; that in the year

1870 there was erected and has since been standing on the west half of said lot 8 a one-story brick or adobe building, and that said building was erected by the predecessors in interest of the respondents; that said building has been there ever since said year and is now standing thereon as the same was originally constructed; that there are two feet nine inches of the east side of the west half of said lot which are not covered or occupied by said building; that in the year 1884, Boise City erected upon the east half of said lot a city fire-engine house of brick, two stories in height, and that said house was erected over and upon the west half of said lot 8 to the extent of two feet, nine inches, and has remained so ever since, and so stands at the present time and has been occupied during said time by the city as a fire-engine house; that neither respondents nor their predecessors in interest have ever, at any time, objected or complained to the city authorities of Boise City as to the building or the erection of said city engine-house or as to the same being maintained thereon; that the respondents as heirs to John Strode, deceased, are now the owners and holders of all title and interest which said Strode had in the west half of said lot; that taxes, county, city and state have been legally levied and assessed each year upon and against the west half of said lot; that said levies and assessments were made, not against the entire lot, but against the west half of said lot separate and distinct from the east half thereof each year; that no part of said taxes so levied and assessed has, at any time, been paid by the appellants or their predecessors in interest, but that the respondents and their predecessors in interest have each year paid all of such taxes. That from time to time special assessments and expenses for sidewalks, street paving and sprinkling have been levied and assessed against and upon the west half of said. lot, and that all such amounts so levied for such purposes have been paid by the respondents and their predecessors in interest. Upon those facts judgment was entered in favor of the respondents. The stipulated facts show that the respondents have a clear paper record title to the west half of said lot.

The questions for decision are: 1. Did the appellants and their grantor, the city, acquire title to said two feet and nine

inches of land by adverse possession? Or 2. Was there a boundary line agreed upon? Or 3. Are the respondents estopped from questioning the title of the appellants? We will answer the second and third questions first.

The stipulated facts do not show that a boundary was ever agreed upon between the city and the owners of the west half of said lot, and there are no facts shown that estop the respondents from questioning the title of the appellants. The only other question for decision is: Did the city acquire title to the two feet, nine inches on the easterly side of said lot by adverse possession?

It is shown by the stipulated facts that Boise City levied taxes for city purposes and from time to time made special assessments for sidewalks, street paving and street sprinkling purposes upon the west half of said lot 8, and that all such amounts so levied, assessed or charged against said west half of lot 8 have been paid by the respondents and their predecessors in interest. This would indicate that the city was not holding said tract of ground adversely to the respondents, but recognized their title thereto by levying such taxes and charges against it. The city has thus from year to year treated this property as belonging to the respondents, accepted their money for the taxes so levied on the theory that the property belonged to them. And the city by those acts is estopped from denying that said property was legally assessed and that it was not, in fact, subject to taxation and did not belong to the respondents.

The judgment of the district court must therefore be affirmed, and it is so ordered. Costs of this appeal are awarded to the respondents.

Stockslager and Ailshie, JJ., concur.