Argued October 15, affirmed November 24, 1914.

## PETERS *v.* ROBERTSON.

(144 Pac. 568.)

Easements—Prescription—Requisites—"Adverse Use."

1. The "adverse use" which will give title by prescription to an easement of way must be continued for the prescriptive period, must be adverse, under a claim of right, exclusive and uninterrupted, and with the knowledge and acquiescence of the owner of the servient estate; and where the use is merely permissive no way by prescription can be acquired.

[As to acquisition of easement by adverse use, see note in 11 Am. Dec. 663.]

Easements—Action for Injunction—Evidence—Prescription.

2. In an action to enjoin defendant from trespassing upon and traveling across plaintiff's land, between his own land and a highway, evidence *held* to show that defendant's right to cross was merely permissive, amounting to nothing more than a revocable license.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 1. Statement by MR. JUSTICE BUR-NETT.

This is a suit by Henry C. Peters against R. E. Robertson to enjoin repeated trespasses alleged to have been committed by the defendant by breaking plaintiff's close, traveling to and fro across the same, to the injury and destruction of fruit trees growing thereon, and allowing livestock to enter upon and trample the ground and browse upon his orchard. After sundry denials, the defendant asserts that he is the owner of land adjoining the premises of the plaintiff, and then states:

"That defendant is owner of and entitled to and in possession of the use and enjoyment of a right of way as and for a wagon road and other purposes, consisting of a strip of land about 16½ feet in width, commencing at the northeast corner of the southeast quarter of section 7, township 2 north, range 11 east, Willamette meridian, running thence in a westerly direction along the north line, and on the south side thereof, over and across said northeast quarter of the southeast quarter of section 7, and continuing on, over and across and along the north line, and on the south side thereof, of the southeast quarter of the southwest quarter of said section 7, all in township 2 north, range 11 east, Willamette meridian, to the main traveled road and public highway running along the west line of the last tract above described, and being in all a distance of about 160 rods, more or less."

Further answering, the defendant alleges in substance that he homesteaded his own premises in 1895, and that they were not nearer to any public highway than about one-half mile. Continuing, he says:

"That defendant on or about the year ——, or some-time prior thereto, entered into an agreement, not in writing, with the then owners of the lands, now owned by plaintiff, whereby defendant was to log off, 'swamp

out,' and clean up and otherwise improve a strip of land 16½ feet in width along the north line, and on the south side thereof, the lands now owned by plaintiff, to be used by defendant for and as a wagon road, as a means of ingress and egress from his lands to the public highway, all of which said improvements were made by defendant; that said right of way is a well-defined road, which has been used by defendant for more than 10 years last past."

He finally charges the plaintiff with fencing up the private road thus described, and avows cutting an opening in the fence, whereby he might obtain access to his easement of passage. The reply traverses the answer. The defendant appeals from a decree according to the prayer of the complaint.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Baker.*

For respondent there was a brief and an oral argument by *Mr. A. J. Derby.*        ₀

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It clearly appears, that the plaintiff and his predecessors in interest owned the land between the premises of the defendant and the nearest highway. The testimony discloses that soon after his settlement upon his homestead the defendant began to travel across the intervening land to reach the county road. The tracts he crossed were first unimproved, but were afterward cleared and planted to orchard. No reservation in any of the deeds forming the plaintiff's chain of title was ever made for a road, and so far as the record is concerned the plaintiff has a fee simple estate in the full amount of realty described in his com-

plaint. By a preponderance of the evidence it is disclosed that whatever privilege the defendant had to cross the land was merely permissive, amounting to nothing more than a revocable license. In *Parrott* v. *Stewart,* 65 Or. 254, 261 (132 Pac. 523, 525), Mr. Justice BEAN says:

"The adverse use which will give title by prescription to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. As in the case of adverse possession, it must be continued for a long period; it must be adverse, under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the estate out of which the easement is claimed. * * Where the use is merely permissive, and not adverse, there is no basis on which a right of way by prescription may rest."

In the case of *Bohrnstedt Co.* v. *Scharen,* 60 Or. 349 (119 Pac. 337), Mr. Justice MOORE quotes with approval the following language from *Hall* v. *McLeod,* 2 Met. (Ky.), 98 (74 Am. Dec. 400):

"It cannot be admitted that where the proprietor of land has a passway through it for his own use, the mere permissive use of it by other persons for half a century would confer upon them any right to its enjoyment. So long as its use is merely permissive, it confers no right; but the proprietor can prohibit its use or discontinue it altogether at his pleasure. A different doctrine would have a tendency to destroy all neighborhood accommodation in the way of travel; for if it were once understood that a man, by allowing a neighbor to pass through his farm without objection over the passway which he used himself, would thereby, after a lapse of 20 or 30 years, confer a right on him to require the passway to be kept open for his benefit and enjoyment, a prohibition against all such travel would immediately ensue."

2. In this case it appears that the defendant himself, in a petition to the County Court for what is commonly · known as a "road of public easement," alleged that he was using the private road mentioned in his answer "by common consent of adjacent owners of land." It also appears that at the time of the transfer of title under which the plaintiff claims the defendant urged upon the grantor that he should make arrangements with the prospective purchaser for a right of way for the defendant, which request was declined. It is undisputed that for some time the plaintiff maintained across the road in question a gate, which he kept under lock and key. It is true he left with the family of the defendant a key to the lock, but it was with the injunction that the gateway must be kept closed, or permission to pass would be denied. All this indicates permissive passage, recognized as such by the defendant, and is inconsistent with title by prescription to the alleged easement.

It seems that this *modus vivendi* continued until stock from the defendant's premises kept breaking into the young orchard of the plaintiff, when it repented him that he had allowed the transit to continue so long, and thereupon he fenced up the right of way, after giving the defendant notice that permission to cross would be withdrawn. Upon the defendant's persisting in breaking the fence and passing over the land afterward, this suit was commenced. The great preponderance of the testimony is to the effect that the defendant never had more than permission to pass over the land. This would not constitute the adverse user necessary to establish title by prescription, however long continued. It is conceded that he had no title by deed to the right of way. The case is within the principles announced in *Parrott* v. *Stewart, 65*

Or. 254, 261 (132 Pac. 523, 525), *Bohrnstedt Co.* v. *Scharen,* 60 Or. 349 (119 Pac. 337), and *Stotts* v. *Dichdel,* 70 Or. 86 (139 Pac. 932).

For these reasons, the decree of the Circuit Court must be affirmed.                        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCNARY concur.