Argued July 20, affirmed September 19, rehearing denied October
9, 1917.

# CITY OF CLATSKANIE *v.* MCDONALD.

### (167 Pac. 560.)

**Easements—Sidewalk—Establishment by User.**

1.   Where the use of a sidewalk was permissive in its origin, it
could not become adverse without some unequivocal assertion of the
rights of the public inconsistent with the title of the record owner.

   [As to presumption of dedication from user of highway, see
   note in Ann. Cas. 1914D, 335.]

**Dedication—Dedication in Pais—Proof.**

2.   Dedication by acts *in pais* will not be assumed, without clear
evidence manifesting an unmistakable intention to abandon to the
public use.

**Dedication—Dedication in Pais—Sufficiency of Evidence.**

3.   In a suit to determine an adverse claim to a strip of land in
front of a hotel, evidence *held* not to show a dedication to the public
as a part of the street.

**Dedication—Evidence—Levy and Payment of Taxes.**

4.   Although the levy of taxes does not estop the public from claim-
ing property as a highway, the continuous payment of taxes is evi-
dence rebutting the presumption of a dedication.

**Dedication—Sidewalk—Estoppel.**

5.   An owner, who built a hotel, back from the street with a side-
walk to the street line, with a roof over it, and induced other builders
to conform to his building line, was not estopped from claiming title,
in the absence of a showing that the other property owners con-
structed their buildings on the line because of their belief that they
could use the sidewalk in front of the hotel.

**Estoppel—Title to Land—Proof.**

6.   The title to real property cannot be divested by estoppel, with-
out clear and satisfactory evidence.

From Columbia: JAMES A. EAKIN, Judge.

Suit by the City of Clatskanie, a municipal corporation, against J. W. McDonald and Charlotte M. McDonald, his wife, to quiet title. From a decree in favor of defendants, the city appealed. Affirmed.

Department 2.  Statement by MR. JUSTICE McCAMANT.

This is a suit brought by the City of Clatskanie, a municipal corporation, to determine an adverse claim asserted by defendants to certain property which plaintiff claims to be part of Bridge Street in said city. The only dispute relates to a strip of land forty-seven feet in length, its width varying from three and thirteen hundredths feet at the southeast to two and sixty-eight hundredths feet at the northeast. It is conceded that the record title to the property is in the defendants, but plaintiff claims title by prescription, parol dedication and estoppel. The decree of the lower court upheld defendants' contentions and plaintiff appeals.                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William H. Powell.*

For respondents there was a brief over the names of *Mr. G. A. Gore, Mr. M. E. Miller* and *Mr. W. A. Harris,* with an oral argument by *Mr. Gore.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

In 1885 a county road thirty feet in width was laid out on the site of what is now Bridge Street in Clatskanie. The land included in and abutting on this road was platted in April, 1902, but the road does not

appear on the plat. It is established by the testimony that the road extended fifteen feet on each side of the line dividing Lot 26 from Lot 27 in the subdivision. On June 7, 1912, the owners conveyed Lot 26 to the defendant J. W. McDonald and in the following month he commenced the construction of a building which has since been continuously used for hotel purposes. This defendant set the front of the building back twenty feet from some stakes which, as he supposed, marked the center line of the road. In front of the building he laid flooring five feet in width and roofed it over. The roof was supported by six wooden pillars which stood out five feet from the front of the building. A door and two windows on the second floor of the hotel opened out on this roof, which was on the same level as the second floor of the hotel. In 1908 the pillars were removed and thereafter the roof was supported by braces; at the same time this defendant extended the flooring or sidewalk in front of the hotel to a width of eight feet. Prior to this time some planks had been placed lengthwise the street in front of the defendants' property.

Defendants' hotel was the first building constructed on this part of the street, but in 1904 Barbara H. Mc-Kiel constructed a building about fifty feet northerly from that of defendants and the same year Ben Berkenfeld built on property which adjoined the defendants on the south. The front of the McKiel building was in line with the front of defendants' hotel. Berkenfeld had intended to extend his house five feet farther into the street than the defendants' property, but in consideration of some privileges granted to him by the defendants in the use of their hotel for twenty-five years he more nearly conformed to their building line; his building juts out two feet beyond the hotel.

Berkenfeld and McKiel laid sidewalks in front of their property. In 1905 the street was filled and graded and shortly thereafter the sidewalks on the street were connected up with planking. From the time when defendants' hotel was constructed in 1902 down to the bringing of this suit in October, 1915, the public has used the sidewalk in front of defendants' hotel more or less and it is admitted that subsequent to 1906 most of the foot travel on the street has passed over this sidewalk. For a short time the defendants boarded up the northerly end of the sidewalk on their property because of a hole in the dock on the adjoining property into which they feared someone might fall. When this hole was covered, the board was removed. The defendants have continuously paid taxes on the property in dispute.

1. In *Parrott* v. *Stewart,* 65 Or. 254, 260 (132 Pac. 523), Mr. Justice Bean says:

"To establish a highway by prescription there must be an actual adverse public use, general, uninterrupted, continued for the period of the statute of limitations under a claim of right. * *

"A permissive use of a way by certain portions of the community constitutes a license and not a dedication, and is ordinarily something that may be revoked. * *

"Where the use is merely permissive, and not adverse, there is no basis on which a right of way by prescription may rest."

To the same effect see *Peters* v. *Robertson,* 73 Or. 263, 266 (144 Pac. 568). Plaintiff has failed to establish that the use of the premises by the public was hostile or adverse to the title asserted by defendants. The sidewalk was constructed originally for the use of defendants and those doing business at their hotel.

The use of the sidewalk was permissive in its origin and it could not become adverse without some unequivocal assertion of the rights of the public as inconsistent with the title on which defendants rely: 1 R. C. L. 704; 2 C. J. 124; *Bohrnstedt Co.* v. *Scharen,* 60 Or. 349, 354 (119 Pac. 337). The evidence tends to show that no such claim was asserted by plaintiff until 1915, shortly before the bringing of this suit.

2–4. Plaintiff contends that there has been a dedication of these premises by acts *in pais.* Such a dedication will not be assumed without clear evidence, manifesting an unmistakable intention on the part of the owner to abandon his property to the public use: *Hogue* v. *Albina,* 20 Or. 182, 187 (25 Pac. 386, 10 L. R. A. 673); *Lewis* v. *Portland,* 25 Or. 133, 155 (35 Pac. 256, 42 Am. St. Rep. 772, 22 L. R. A. 736); *Parrott* v. *Stewart,* 65 Or. 254, 259 (132 Pac. 523); *Harris* v. *St. Helens,* 72 Or. 377, 386 (143 Pac. 941, Ann. Cas. 1916D, 1073). Plaintiff's evidence fails to satisfy this requirement. The evidence shows circumstances indicating that defendants had no intention of abandoning their dominion over this property. For a short time they boarded it up and the evidence fails to show that anyone protested. They continuously paid the taxes. It is held that the levy of taxes on property does not estop the public from claiming it as a highway: *Campau* v. *Detroit,* 104 Mich. 560, 562 (62 N. W. 718); *San Leandro* v. *Le Breton,* 72 Cal. 170, 177 (13 Pac. 405); *Rhodes* v. *Brightwood,* 145 Ind. 21, 30 (43 N. E. 942); *Gillean* v. *City of Frost,* 25 Tex. Civ. App. 371, 377 (61 S. W. 345); *Johnson* v. *Knott,* 13 Or. 308, 315, 316 (10 Pac. 418). But the continuous payment of taxes is evidence rebutting the presumption of a dedication: 1 Elliott on Roads and Streets (3 ed.), 185; *Parrott* v. *Stewart,* 65 Or. 254, 260, 262 (132 Pac. 523); *Bauman*

v. *Boeckeler,* 119 Mo. 189, 199, 202 (24 S. W. 207);
*Lockey* v. *Bozeman,* 42 Mont. 387 (113 Pac. 286, 290).

The maintenance by defendants of the roof over the
sidewalk is some evidence that they continued to claim
the property in dispute. The roof was also a porch
used in connection with the second story of the hotel.
These circumstances are each of slight evidentiary
value, but taken in connection with the inadequacy of
plaintiff's proof on the main issue, they satisfy us that
there was no dedication.

5, 6. Plaintiff's final claim is that defendants are
estopped to set up title to the property in question.
In *Parrish* v. *Stephens,* 1 Or. 59, 69, it is said:

"He who induces the public to believe his land a gift,
or knowingly permits them to use and treat it as their
own, until they have so accustomed themselves, and
adjusted their property and accommodated their busi-
ness to it, that they cannot without detriment be dis-
possessed, confers a right which he can no more resume
without wrong than he can rightfully seize what was
acquired otherwise than by his gift."

Plaintiff contends that the defendants by construct-
ing their hotel as above indicated and permitting the
public to travel in front of it have induced other prop-
erty owners to build on substantially the same line
and that injustice would be done them if defendants
were now permitted to claim as their own the property
in dispute. On this issue the case is not free from
doubt, but the burden of proof rests on plaintiff. The
title to real property cannot be divested by estoppel
without clear and satisfactory evidence: *Urquhart* v.
*Belloni,* 57 Or. 314, 321, 322 (111 Pac. 692).

There is evidence that the defendant J. W. Mc-
Donald requested McKiel and Berkenfeld to conform
to his building line in constructing their buildings, but
there is no evidence that this defendant made any

representations with reference to the use of the side-walk. Berkenfeld received a valuable consideration from McDonald for constructing on the line selected.

In order to sustain the estoppel contended for, the city should have proved that other property owners were induced to construct their buildings substantially in line with defendants' hotel by a belief induced by defendants that the strip of land in front of these build-ings could be used as a sidewalk without claim thereto by defendants. The evidence fails to establish these facts. There is no evidence that other property owners constructed their buildings on the line selected because of their belief that they could use the sidewalk in front of defendants' hotel.

Plaintiff's claim of estoppel is predicated in part on the contribution by defendant J. W. McDonald of $40 to a fund to pay the expense of widening the street. The street was widened by moving back the houses on the opposite side from that with which we are con-cerned in this case. The defendants' part in the mat-ter does not estop them from claiming title to the property in dispute.

The decree is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE MOORE took no part in the consideration of this case.