Argued May 6, affirmed September 6, 1957

## SIPP ET AL *v.* BRYANT
### 314 P. 2d 913

*Austin Dunn* argued the cause for appellants. On the brief were Dunn & Jackson, Baker.

*David C. Silven* argued the cause for respondent. On the brief were Banta, Silven & Horton, Baker.

Before PERRY, Chief Justice, and LUSK, BRAND, McALLISTER and KESTER, Justices.

### PER CURIAM.

This suit was brought to secure a decree enjoining the defendant from obstructing the use by the plaintiffs of a road which passes over the defendant's property. Damages were also claimed. The circuit court entered a decree denying the relief prayed for, and plaintiffs have appealed.

The road in question takes off from what is known as the Auburn Road in Section 15, Township 10 South, Range 39, East Willamette Meridian, Baker County, Oregon, and runs for a distance of a mile or more into Section 9. Its northwesterly terminus is near mining claims owned by the plaintiffs, who used the road to get to their claims until it was fenced by the defendant in October 1954. Other persons, including hunters, also used it from time to time. Plaintiffs claim a public road by prescription.

The evidence shows that the road was established by the defendant and her predecessors in interest for their own use. It was used by others for a period of 20 years or more. The question is whether such use was adverse and under a claim of right or by permission of the owners. The circuit court, after listening to the testimony of the witnesses and viewing the *locus in quo,* found that use of the road by members of the general public was "permissive only."

In a similar case we quoted with approval the following from Elliott, Roads and Streets (3d ed) § 5:

> "* * * If the use by the public is not clearly declaratory of the right to use it as a highway, and is not so understood by the owner of the fee, the public will not acquire the free right of passage, nor will it be burdened with the duty of making it safe and convenient for passage."

*A. C. Bohrnstedt Co. v. Scharen,* 60 Or 349, 353, 119 P 337. See, also, *City of Clatskanie v. McDonald,* 85 Or 670, 673-674, 167 P 560; *Peters v. Robertson,* 73 Or 263, 266, 144 P 568; 2 Thompson on Real Property (Perm ed) § 521.

Our examination of the record convinces us that the circuit court's finding is amply supported by the

evidence and should not be disturbed. The case on its facts is very much like *Stotts v. Dichdel,* 70 Or 86, 139 P 932, where a similar claim was denied. Rather than use under a claim of right, we think that this is simply a case of "neighborhood accommodation in the way of travel." *Hall v. McLeod,* 2 Metc (Ky) 98, 74 Am Dec 400, quoted in *A. C. Bohrnstedt Co. v. Scharen,* supra, 60 Or at 352.

The decree is affirmed.