ELIZA G. B. CALKINS and another *vs.* MARY COPLEY and others.

November 1, 1882.

**Estoppel—Exception in Covenant against Encumbrances.**—A grantee who accepts a deed of conveyance containing the following covenant, viz., " that the premises hereby conveyed are free from all encumbrances, *except a mortgage to J. M. Brewer*," (the grant not being made subject to such mortgage,) is not estopped, as against a party claiming under it, from denying the validity of such mortgage.

In 1855, one Ingersoll, being the owner of the premises in controversy in this action, and his wife gave a power of attorney to one Hall, authorizing him to take possession of all lands belonging to Ingersoll in Minnesota, and to "sell the same or any thereof," which power of attorney was duly recorded. Under this power of attorney Hall mortgaged the property in question in 1855, to one Brewer. In 1858, Ingersoll and wife conveyed the same property to one Veazie, the deed containing a covenant upon the part of Ingersoll and wife that the land was "free from all encumbrances except a mortgage to J. M. Brewer."

The mortgage to Brewer was duly foreclosed, and plaintiffs, claiming title under such foreclosure, brought this action of ejectment, in the district court for Hennepin county, against defendants, who claim title under the deed to Veazie. These facts appearing upon the face of the complaint, defendants demurred and appeal from an order made by *Lochren,* J., overruling their demurrer.

*Robinson & Bartleson,* for appellants.

*McNair & Gilfillan,* for respondents, cited *Carver* v. *Jackson,* 4 Pet. 1, 83; *Daughaday* v. *Paine,* 6 Minn. 304, (443;) *Marchioness of Annandale* v. *Harris,* 2 Peere Wms. 432; *Shelley* v. *Wright,* Willes, 9; *Lamson* v. *Tremere,* 1 Ad. & El. 792; *Bowman* v. *Taylor,* 2 Ad. & El. 278; *Garrett* v. *Gonter,* 42 Pa. St. 143; *Hall* v. *Vanness,* 49 Pa. St. 457; *Lee* v. *Clark,* 1 Hill, 56; *Stow* v. *Wyse,* 7 Com. 214; *Denn* v. *Colden,* 3 John. Cas. 174; *Chautauque Co. Bank* v. *Risley,* 4 Denio, 480; *Jackson* v. *Parkhurst,* 9 Wend. 209; *Jackson* v. *Willson,*

9 John. 92; *Bradstreet* v. *Clarke*, 12 Wend, 602, 669; *Penrose* v. *Griffith*, 4 Binney, 231; *Fitzpatrick* v. *School Com'rs*, 7 Humph. 224; *Inskeep* v. *Shields*, 4 Harr. (Del.) 345; *Torrey* v. *Bank*, 9 Paige, 649; *Freeman* v. *Auld*, 44 N. Y. 50; *Bray* v. *Gunn*, 53 Geo. 144.

MITCHELL, J. This is an appeal from an order overruling a demurrer to the complaint. The sufficiency of the pleading depends upon the following question: Is a grantee who accepts a conveyance containing the following covenant, viz., "that the premisés hereby conveyed are free from all encumbrances, *except a mortgage* to J. M. Brewer," estopped, as against a party claiming under such mortgage, from denying its existence or validity? We use the term "estop," because it is often used in the books in such a connection. Although where, as in this case, the mortgage was executed *prior* to the deed, it may be true that there is no technical priority or estoppel, in the strict sense of the common law, it is unquestionably true that a grantee who accepts a conveyance expressly reciting a prior deed or mortgage should not be allowed to impeach the title of such prior grantee or mortgagee. This follows as a necessary result from the fact that a grantor may impose any conditions or burdens upon the grant that he chooses, and the one who accepts the conveyance, and derives title under it, cannot in such case impeach it. Hence it has been always held that one who accepts a conveyance made *subject* to a mortgage, and which contains a stipulation that the grantee shall pay the mortgage, is estopped from denying its validity. *Freeman* v. *Auld*, 44 N: Y. 50.

It has been held in Massachusetts and elsewhere, contrary to the doctrine of *Thompson* v. *Morgan*, 6 Minn. 199, (292,) that, if a grant be made *subject* to a mortgage, the grantee will be estopped from denying its validity, although the deed contain no stipulation that he shall pay it. *Johnson* v. *Thompson*, 129 Mass. 398. But in the case at bar the grant is not made *subject* to the mortgage; neither does the deed contain any stipulations that the mortgagee shall pay it. There is nothing expressly declaring it a lien on the premises. There is nothing in this deed by way of recital that would estop even the grantor himself. It contains no direct or affirmative recital of the existence of such a mortgage, much less of its validity, or that it was a lien

upon the premises. The language is wholly negative. It asserts nothing affirmatively regarding the mortgage. It merely excepts it from the covenant against encumbrances. The meaning of this, in effect, is simply that the grantor will not covenant that it is not an encumbrance.

An estoppel, says Coke, because it concludeth a man to. allege the truth, must be certain to every intent, and not to be taken by argument or inference. Coke, Litt. 352*b*. It should be certain to every intent, and therefore, if the thing. be not directly or precisely alleged, or be mere matter of supposal, it shall not be an estoppel. *Right* v. *Bucknall,* 2 Barn. & Adol. 278. To work an estoppel a recital should clearly affirm or deny some present or past fact, or admit some liability definitely stated. Bigelow on Estoppel, 302. Tested by these definitions, we think there is nothing in this deed to estop even the grantor, and, if not, certainly not the grantee. We have been referred to no case, and have found none, the principle of which would sustain this as an estoppel. In most of the cases cited there was a direct recital and recognition of the existence and execution of the other instrument. In other cases the court was considering the competency or sufficiency of the evidence tending to prove the fact of the existence, execution, or ratification of the recited instrument. We do not question but that the fact that the grantor, in the present case, took the precaution to except this mortgage from his covenant against encumbrances, might be competent evidence tending to prove that he had either authorized its execution or ratified it. But that is not now the question in this case. Those cases which hold that the mere fact that the conveyance was made *subject* to a mortgage would estop the grantee from denying its validity, probably go as far as any towards sustaining the contentions of respondent. But we think there is a broad distinction between expressly making a conveyance *subject* to an encumbrance, and merely excepting it from the covenant against encumbrances.

Order reversed, and cause remanded.