### No. 8901.

### FIRST NATIONAL BANK OF DENVER *v.* AHRENS.

1. APPEAL AND ERROR—*Finding on Sufficient Evidence,* must be accepted.
2. PLEADING AND EVIDENCE—*Matter not Alleged,* will not be considered. Relief cannot go beyond the scope of the allegations.
3. ESTOPPEL—*By Conduct—Plea of,* must show that the defendant was misled to his prejudice by the conduct of which he complained.
4. —— *Evidence,* to establish an estoppel must be clear and convincing.

*Error to the Denver District Court, Hon. Charles C. Butler, Judge.*

*Department.*

Messrs. HUGHES & DORSEY and Mr. E. I. THAYER, for plaintiff in error.

Mr. HARRY S. SILVERSTEIN, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error had judgment in a suit to remove a cloud on the title of certain real estate owned by her, caused by a levy by the plaintiff in error under a judgment against her husband. It appears from the record that the plaintiff in said suit bought the property in question and took title to it; that some years later she conveyed the property to her husband to enable him, as she testified, to purchase a business. It stood in his name for some four years, when it was conveyed to her, on the husband's going to California to engage in business. This conveyance was made under date of February 25, 1913. The husband had been for many years a borrower from plaintiff in error, though he was not in business for himself, but held a position in a mercantile house in Denver. Judgment was obtained against him on a promissory note for $1,200, dated February 17, 1913.

For the bank it is contended that defendant in error is estopped to claim the property as against the bank's judgment, by reason of her having allowed her husband to appear to be the owner of the property and so constitute a basis for credit to him. The trial court, in finding for the plaintiff, held that there was no fraud in the conveyance by Ahrens to his wife, and that, while she might because of her negligence, have been estopped to claim the property so long as the title was in him, she was not so estopped after the property had been conveyed by him to her, it not appearing that he was rendered insolvent by the conveyance.

We are asked to review the evidence as to Ahrens' solvency, but as there is evidence sufficient to sustain the finding on that point we must accept it. It should be observed, also, that insolvency is not alleged in the answer, and hence it could not be relied upon, if it were shown by the evi-

dence. *Thomas v. Mackay,* 3 Colo. 390. Relief cannot go beyond the scope of the allegations.

The law thus applied by the trial court is well settled in this state. *Eppich v. Blanchard,* 58 Colo. 139, 143 Pac. 1035; *Wells v. Bank,* 23 Colo. 534, 48 Pac. 809; *Gwynn v. Butler,* 17 Colo. 114, 28 Pac. 468.

But the judgment may be sustained for another reason. In *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. 491, this court said:

"To entitle a party to invoke the doctrine of estoppel, he must actually have been misled and induced to act to his prejudice by reason of another's conduct, he having on his part exercised due diligence to ascertain the truth."

There is no allegation in the plea of estoppel that reliance upon the supposed ownership by Ahrens resulted in injury to the bank, and had such injury appeared by the evidence, and the court found that it did not,—it would not have availed to establish an estoppel, because not pleaded. Moreover, the evidence falls far short of proving that the loan was made on the credit of the property in question. The officers of the bank who testified were clearly unwilling to say that they relied on that as security. They said they demanded more collateral, and that Ahrens insisted that they had enough, and that finally the loan was made upon the understanding that Mrs. Ahrens was to sign the note, "but it got through without her signature."

To work an estoppel and thereby deprive one of his property all the elements of an estoppel must be clearly established. In this case the evidence of the bank's reliance upon the record title, and its being induced to act thereon, is not clear and satisfactory; and the very important element of injury resulting from the conduct of the defendant in error is wholly lacking.

The judgment is accordingly affirmed.

Chief Justice White and Mr. Justice Hill concur.