# CHARLESTON.

W. C. CAMPBELL, *et al., Plaintiffs below, Appellants,*

v.                     Case No. 4091.

LUCY J. LYNCH *et al., Defendants below, Appellees.*

.     Appeal from decree of January 23, 1920.

SAME, *Appellees,*

v.                     Case No. 4108.

SAME, *Lucy J. Lynch et al., Appellants.*

Appeal from decree of May 27, 1919.

SAME.                  .

v.                     Case No. 4156.

SAME, *W. O. Abney et al., Appellants.*

Appeal from decree of January 23, 1920.

Submitted February 22, 1921.   Decided March 15, 1921.

1.  APPEAL AND ERROR—*Questions Adjudicated on Former Appeal Law of Case Whether Correct or Not.*

    Unless for other reasons a decree must be reversed, questions adjudicated on a former appeal must be adhered to on a second appeal as the law of the case, whether or not those questions were rightly decided.   (p. 212).

2.  SAME—*Answer Pleading Sufficiency of Bill Disposed of On Former Appeal is Mere Renewal of Matter Adjudicated.*

    In so far as an answer pleads the sufficiency of the matter of a bill disposed of here on demurrer thereto upon a former appeal, the answer will be regarded as a renewal of the demurrer, and as fully adjudicated on the former appeal.  (p. 212).

3.  EQUITY—*Where Respondent Desires to Take Evidence to Support Answer, He Should Move for Continuance.*

    If upon the filing of his answer to a bill matured for hearing, and replication of the plaintiff thereto, respondent desires time to take evidence in support of his answer, good practice requires that he should move the court for a continu-

ance, without which he will be regarded as having waived his right and as consenting to a hearing on bill and answer. (p. 215).

4. PARTITION—*Agreement Giving Interest to One Not Legally Entitled Thereto Must Be Clearly Proven.*

. To be binding and effective an alleged agreement that a partition of land should include interests not legally involved therein, the agreement should be clearly proven, and it should appear that all the partitioners were parties thereto and mutually bound thereby. (p. 216).

5. ESTOPPEL—*Estoppel Must Be Certain, and Must Not Be Taken By Argument or Inference.*

Every estoppel, since it concludes one from alleging the truth, must be certain to every intent and is not to be taken by argument or inference; and the facts upon which it is based must be clearly proven and not capable of bearing any other construction. (p. 217).

6. SAME—*Mere Silence Insufficient; Person to Be Estopped Must Have Full Knowledge, and Must Intend to Mislead.*

Mere silence will not work an estoppel; to be effective it must appear that the person to be estopped has full knowledge of all the facts and of his rights, and intended to mislead or at least was willing that the other party might be misled by his attitude. (p. 218).

7. HUSBAND AND WIFE—*Wife Not Necessary Party to Suit for Accounting Under Reservation of Oil Rights by Husband.*

When a contract and a deed from husband and wife which sold and granted all the right and title of the grantors in land in which the husband is interested, reserved and excepted therefrom one-sixteenth part of the oil therein belonging to the husband, the wife is not a necessary party to a suit subsequently brought during his life for an accounting and division of the oil produced from the land. (p. 220).

8. EQUITY—*To Prevent Injustice, Court May Permit Substitution of New Answer During Trial.*

Where during the progress of a suit it appears that a position taken in an answer will work a great injustice and result inequitably to respondent in the division and partition of the oil and gas produced from the land, the court in the exercise of a sound discretion should permit respondent to withdraw his original answer and file a new one, in order to relieve him from the inequitable and unjust consequences.. (p. 220).

Appeal from Circuit Court, Roane County.

Three separate suits by W. C. Campbell and others against Lucy J. Lynch and others and W. O. Abney and others. From the decrees W. C. Campbell and others appeal in the first suit, Lucy J. Lynch and others appeal in the second suit, and W. O. Abney and others appeal in the third suit.

*Reversed and remanded.*

*Chas. E. Hogg, J. W. Kennedy* and *J. F. Cork,* for appellants W. C. Campbell and others.

*McClintic, Mathews & Campbell,* for appellants W. O. Abney and others.

*Harper & Baker* and *Turner & Brennan,* for appellees Lucy J. Campbell and others.

*H. C. Ferguson,* for appellee John Edward Lewis.

MILLER, JUDGE:

The appeal by Campbell and others, plaintiffs, in Case No. 4091, is from the decree below of January 23, 1920, which for the second time dismissed their bill and denied them any relief.    When this case was formerly before us on plaintiffs' appeal, in November, 1917, (81 W. Va. 374), we reversed the decree of the circuit court sustaining defendants' demurrer to their bill, and remanded the cause to the circuit court for further proceedings to be had therein in accordance with the opinion and mandate thereto certified.

The appeal in Case No. 4108, by the defendants Lucy J. Lynch, James McC. Lewis, Fannie M. Simpson, Mary Lewis Good, and Enos Johnson, administrator of the estate of Mary M. Lewis, is from the decree of May 27, 1919, entered in the said cause, which settled the rights of the parties in accordance with the rules and principles of our former decree, and referred the cause to a commissioner to state and settle the accounts between the parties to the suit in accordance therewith.

The appeal in Case No. 4156 by W. O. Abney and others, heirs and personal representatives of the estate of F. W. Abney, deceased, from the decree of January 23, 1920, which dismissed plaintiffs' bill, refused to confirm the report of

the commissioner, and denied them the right to withdraw their original answer and file their new answer then tendered and offered to be filed.

In addition to these several appeals there are cross-errors assigned on behalf of John Edward Lewis, by H. C. Ferguson, his counsel, which will be hereafter adverted to and disposed of.

Unless avoided or affected by issues presented by the answers, the former decision here, though by a divided court, must be regarded as the law of this case.    Formerly the case was presented upon the bill and the exhibits therewith, and the demurrer of the defendants thereto sustained by the lower court, but which we overruled, and remanded the cause.    Our opinion on the former hearing will disclose that the questions then presented were, what is the true construction of the two leases for oil and gas executed by Edward Lewis and Mary M. Lewis, his wife, in April 1900, and what the effect on the rights of the parties to the oil and gas of the subsequent decree dividing and partitioning the lands covered by said leases between the heirs at law of the said Edward Lewis, then deceased, referred to in the bill, and the subsequent conduct of the partitioners in relation thereto, and in relation to the subsequent development of oil and gas on the lands allotted the partitioners?

Unless a good defense was presented by the answers of the defendants filed on the remand to the circuit court, the decree pronounced on May 27, 1919, should be adhered to and executed, and that of January 23, 1920, again dismissing the bill, should be reversed upon the appeal and assignments of error therein by the appellants Campbell and others in Case No. 4091, and of W. O. Abney and others in Case No. 4156.

That the court below was bound, as we are now bound on this appeal, by whatever was decided upon the former appeal as the law of this case, is not an open question in this state, unless for want of parties or for other error in the decree it must be reversed.    *Seabright* v. *Seabright,* 33 W. Va. 152; *Mason* v. *Harper's Ferry Bridge Co.,* 20 W. Va. 223; *Wick* v. *Dawson,* 48 W. Va. 469; *Pennington* v. *Gillas-*

*pie,* 66 W. Va. 642.   And this is the law in most jurisdictions, state and federal.    *Campbell's Ex'ors* v. *Campbell's Ex'ors,* 22 Gratt. 649 ; *Bank of Old Dominion* v. *McVeigh,* 29 Gratt. 546.    For a full note on the subject with reference to many decisions, see *City of Hastings* v. *Foxworthy,* 45 Neb. 676, 34 L. R. A. 321.

The issues sought to be presented by the answers of Lucy J. Lynch and others, defendants, were: First, that in the suit for partition and assignment of dower brought by Lucy J. Lynch v. Mary M. Lewis et al., widow and heirs of Edward Lewis, deceased, referred to and pleaded in the bill, the court, having jurisdiction of the subject matter and the parties, had by the decree of partition therein pronounced on April 2, 1907, finally adjudicated beyond recall the rights of the parties in interest in the land partitioned and in the oil and gas therein; and said decree was pleaded in estoppel of the claims of the plaintiffs to any of the oil and gas produced by the lessee in said leases not found under and produced from the particular lot allotted to them in said partition: second, that the plaintiffs W. C. Campbell and his children, then adults, had agreed with the widow and other heirs of said Edward Lewis, at the time of said partition, that the person to whom each purpart was assigned should be and was entitled in fee to the oil and gas underlying the same, and that W. C. Campbell and his children had acquiesced in such decree and agreement, for nearly seven years, until the situation of the parties had changed, and until they had concluded that the two parcels of land allotted to them would not prove as valuable for oil and gas as anticipated at the time of said partition: third, that early in 1907, John E. Lewis, F. W. Abney and W. C. Campbell, by written notice to the South Penn Oil Company, Mary M. Lewis and others, protested that they owned the oil and gas under the lands allotted to them, and that John E. Lewis and said Abney had, under the claim that they owned the oil and gas under the tract assigned to them, brought suit against the South Penn Oil Company and others to cancel the lease thereon as a cloud on their title, thereby estopping themselves from asserting any interest in the oil and gas under the purparts as-

signed to others: fourth, that after the completion of the gas well assigned to John E. Lewis and F. W. Abney, the gas rental of $200.00 per year was paid to and received by said Abney, and that the plaintiff W. C. Campbell, after said partition and for more than three years after the drilling of the well on the purparts assigned to the other partitioners, had accepted the rentals accrued to him under the said leases: fifth, that upon the drilling of the wells on each purpart on which oil and gas were found the lessee had recognized the partition of said land including the oil and gas and treated such allottee as the owner in fee of the oil and gas in and under the parcels allotted to them, and thereby had agreed to the subdivision of the original leases into seven, and of all which said Campbell and his children had notice, and had acquiesced therein for at least six years, and until they supposed that said partition had turned out to their disadvantage.

After the filing of the foregoing answers, the administrator of Mary M. Lewis and others filed supplemental answers, in which they set up that in the event the decrees in the partition suit were not held binding and efficacious to partition the oil and gas, that the said Mary M. Lewis and her personal representatives under the terms of the leases were entitled to one-half of the oil and gas royalties absolutely and to her dower or distributive share as widow in the other half so long as she should live. To these supplemental answers the plaintiffs excepted, on the ground that if respondents were entitled to such relief, they were so entitled under the original answers and not by reason of anything alleged in their supplemental answers.

The only other pleading which we are called upon to consider is the proposal of the representatives of the defendant F. W. Abney, deceased, to withdraw their former answer and abandon their position taken therein that he was entitled to the royalties of the oil and gas under the parcel allotted to him and J. E. Lewis, and file a new answer in which they assumed the position taken by plaintiffs that they were entitled to a one-sixth part of all the royalties and rentals, regardless

of their former position in relation thereto and in relation to said partition.

One of the matters complained of here by Lucy J. Lynch and others, appellants in Case No. 4108, is that after the filing of their answer on May 27, 1919, of which they were never in default, the court, after replications by plaintiffs then filed, were not given time in advance of the final decree entered on that day to make good their answers by proofs. Whether so prejudiced of course depends upon the material of the answers and whether respondents have had the advantage of the evidence in the case taken before the commissioner. The decree of May 27, 1919, we find, provided that any party in interest was to be at liberty to take depositions before any person duly authorized, and to file the same before the commissioner as if taken in his presence, and that all testimony taken in the cause, before the commissioner or some other person, might be used before the court for any and all purposes in determining any of the issues involved in the controversy.

On the first point of error in the decree of May 27, 1919, relied on as defensive in the answers of appellants in Case No. 4108, namely, that the decree of partition was res adjudicata and conclusive of the rights of all parties, this proposition was fully disposed of adversely to appellants' present contentions in the decree pronounced here on the former appeal. That decree was pleaded, and its effect as an adjudication of the rights of the parties to the oil and gas was presented by the demurrer to the bill and adjudicated by the decree pronounced here; its legal effect as a partition of the oil and gas produced under the existing leases was denied and adjudicated in favor of plaintiffs. The answers, therefore, in so far as they affirm the conclusiveness of that decree amounted to no more than a renewal of the demurrer to the bill. *Lawrence* v. *Montgomery Gas Co.*, 84 W. Va. 382, 99 S. E. 497.

The next inquiry is, was there an agreement between the partitioners at the time of the partition respecting the oil and gas to be produced under the existing leases, that the same was to be included therein as pleaded in the answers? Re-

spondents complain by their second point of error that they were not given time to take testimony on this part of their defense.   The record shows no motion for a continuance to take testimony.   If defendants had desired a continuance to give them time to take evidence, good practice required that they should have moved the court for a continuance.   *Mc-Laughlin* v. *Sayers,* 72 W. Va. 364; *Cross* v. *Cross,* 56 W. Va. 185.   No such motion appears in the record.

But they did later take evidence on this question of the supposed agreement between the partitioners as to the scope of the partition.   We may look to that for the purpose of determining whether such an agreement was actually made.   The evidence taken by respondents on the question of this supposed agreement consists of that of James A. Lynch, husband of Lucy J. Lynch, J. M. Lewis and of O. M. Chambers, one of the commissioners who participated in the partition of the lands.   This evidence mainly relates to some loose conversation of C. W. Campbell objecting to the proposed allotment of a child's share of the land in fee to Mrs. Lewis, the widow of Edward Lewis, and cautioning the commissioners to be careful, as they might give some of the heirs the advantage over the others in respect to oil and gas; and the question of oil and gas was talked about by one or two of the two or three partitioners present at one or the other of the two meetings of the commissioners preliminary to making the partition.   But there is nothing in any of the testimony showing any reference to the existing leases on the land, nor that any of these conversations had any application to the existing leases, and certainly there is nothing therein amounting to an agreement between all the numerous partitioners specifically agreeing that the partition of the land should include the oil and gas covered by the existing leases.   Not all, but only two or three of the partitioners are shown to have been present.   Some were infants; some of Campbell's children were infants.   If the legal effect of the decree was not to divide and partition the oil and gas covered by the outstanding leases, we do not see how these conversations with the commissioners could operate, either in law or equity, to estop the partitioners from their right and title to the oil and gas that might be produced

under the leases of those lands. To be effective such a supposed agreement would necessarily have to be binding on all, else on none of them. 1 Herman on Estoppel, p. 14 § 20; 2 *Id.,* p. 921, § 793.   See also, cases cited in 5 Enc. Dig. Va. & W. Va. Rep. 201.

Moreover, it is very doubtful whether the facts constituting the supposed estoppel are sufficiently pleaded, for to be available they must be pleaded. And our decisions hold that every estoppel, since it concludes one from alleging the truth, must be certain to every intent and is not to be taken by argument or inference.   *Vanbibber* v. *Beirne,* 6 W. Va. 168, 178; *Lorentz* v. *Lorentz,* 14 W. Va. 809, 921; *Water Company* v. *Browning,* 53 W. Va. 436, 442. In the latter case, approving the doctrine stated in 4 Am. & Eng. Dec. in Eq. 263, it is said: ''The estoppel must be certain; and by this is meant, not only that the facts upon which it is based should be clearly proven, but they should not be capable of bearing any other construction than that put upon them.''

Another principle of estoppel *in pais* applicable here is that mere silence will not work an estoppel, and that to effect an estoppel by silence it must appear that the person has full knowledge of all the facts and of his rights, and had an intent to mislead or at least a willingness that the other party might be misled by his attitude. 10 R.C.L., tit. ''Estoppel,'' §21, pp. 692, 693; *Hiden, Trustee* v. *Mahanes,* 119 Va. 116. And as these authorities say, a person claiming an estoppel must have been misled to his injury, if an estoppel is not declared. There is nothing in pleadings or proofs showing reliance by respondents on acts or representations of plaintiffs or any of the partitioners, nor prejudice resulting therefrom other than that they received the oil and gas royalties and appropriated the whole thereof produced from wells on their particular lots. They expended no money in the production of oil and gas; nor have they otherwise been injuriously affected. True, they will be required to pay to the other partitioners their shares of the oil and gas rentals according to the principles of the decision; but this is not such prejudice as will

estop the other partitioners from claiming their shares of the oil and gas produced.

Nor do we see how respondents, as claimed by them in their point of defense, were prejudiced by the conduct of the plaintiffs and F. W. Abney in notifying the lessees of their purpose to cancel the leases so far as they covered the lands allotted to them, nor in the bringing of suit by them against the oil companies, owners of the leases, to cancel the same. They were defeated in that suit; and besides, how could that proceeding have misled respondents to their injury? To estop plaintiffs in the assertion of their rights, as we have seen from the authorities already cited, defendants must have been led thereby to change their circumstances and act to their prejudice. Nothing amounting to such prejudice is pleaded or proven.

And we do not see how the fact that John E. Lewis or his grantee F. W. Abney, received from the oil companies, lessees, the gas rental of $200.00 per year accruing from the lot alotted to said Lewis in said partition, as affirmed in their fourth point of defense, operated to mislead respondents or any of the other partitioners. They did not in any way change their position with respect to their lots, or spend any money by reason thereof. The Abney estate will be required to account for such gas rentals, as respondents will be required to account for the oil and gas rentals received by them. Nor have respondents been in any way prejudiced by the act of the plaintiff W. C. Campbell, a tenant by the curtesy of his wife, one of said partitioners, and as heir of his deceased daughter, in receiving from the lessees his share of the oil and gas rentals accruing from the wells on the dower lot set off to Mary M. Lewis, widow of Edward Lewis, after her death. As the dower lot had not been partitioned among the heirs of Edward Lewis, Campbell was entitled as such tenant by the curtesy to his share of the oil. It is suggested that the decree of May 27, 1919, is erroneous as to Campbell in giving him forever the share of his wife in the oil and gas from the dower lot to the prejudice of his children, some of whom are infants. His right as tenant by the curtesy of course would

end with his death, and the oil from the dower lot would then go according to the law of descents and distributions, and we see no prejudice in any way to respondents and appellants.

The fifth and last ground of defense remains to be considered, namely, that the oil companies, lessees, had recognized said partition, and as wells had been drilled had treated the royalties in the oil and gas produced as belonging to the partitioners on whose lots the wells had been drilled, and that Campbell and the other partitioners had notice thereof and had acquiesced therein until they had found out that said partition had turned out to their disadvantage. So far as the oil and gas companies are concerned, they are protected as against Abney and Campbell by the decree in their favor in the suit brought against them, already referred to, and by the voluntary surrender of any rights as claimed against said lessees. These companies have been dismissed by agreement out of this suit, and there is involved now only the rights of the partitioners to the oil and gas rentals produced and paid over to the partitioners as stated, and there is nothing in the pleadings or proofs showing prejudice to respondents and appellants to which the principles of estoppel can be applied.

We now come to the consideration of the defense sought to be presented by the supplemental answers of the administrator of Mary M. Lewis, deceased, and of respondents Lucy J. Lynch and others. It is said in these answers that by the terms of the leases for oil and gas executed by said Edward and Mary M. Lewis, of April 12, 1900, properly construed Mary M. Lewis, one of the lessees, was entitled in her own right to one-half of the oil and gas royalties and to a dower right in the other half thereof, and that the decree of May 27, 1919, complained of, is erroneous in denying them their rights as heirs of Mary M. Lewis, by giving a portion to Mrs. Campbell or her husband and heirs when she was not an heir of Mary M. Lewis. We think the question was fully presented by the original bill and exhibits. The said leases were fully pleaded and exhibited with the bill, and the demurrers thereto presented fully, without the aid of answers, the question now sought to be presented anew on this hearing. This question

was fully adjudicated on the former appeal. Whether the rights of Mary M. Lewis under these leases were rightly or wrongly determined, is a question not now open for consideration; for that adjudication must be respected in any subsequent decree, as the law of this case. Wherefore, we respond to the arguments of counsel predicated on prior decisions of this court, of which *Coffman* v. *Gas Co.*, 74 W. Va. 57, is perhaps the latest, that we can do nothing but refer them to the prior decision in this case, point four of the syllabus.

In a reply brief filed by respondents and appellants Lucy J. Lynch and others in Case No. 4108, the absence of Amanda E. Lewis, wife of John E. Lewis, is urged as an additional ground for reversing the decree of May 27, 1919, and affirming the decree of January 23, 1920. This proposition is based on the contract of said Lewis and wife with F. W. Abney, of October 22, 1906, and their deed to said Abney, of April 26, 1907, made pursuant thereto, where there was "reserved and excepted from this deed one-sixteenth part of the oil in said land if any shall be discovered or found therein." It is asserted that the exception or reservation was of a joint interest in favor of both grantees upon the principles announced in *Pyle* v. *Henderson*, 55 W. Va. 122, *Beckwith* v. *Laing*, 66 W. Va. 246, 249, and *Coffman* v. *Gas Co.*, *supra*. We do not think these cases have any application to the provisions of this contract and deed. The effect of these instruments was to except from the grant one-sixteenth of the oil in place, which was not granted, leaving the title to this much of the oil in the owner, neither reserving nor granting to the wife anything except her inchoate right of dower in the oil excepted. We do not think she was a necessary party to the suit. Her husband is still living, and the question of the dower right in the oil is not presented by the record, and while her husband is living it could not arise.

This disposes of all the material questions presented by appellants Lucy J. Lynch and others on their appeal in Case No. 4108. We also have appeal of W. O. Abney and others, representatives of the estate of F. W. Abney, deceased. The court below, in the decree of January 23, 1920, dismissing

plaintiff's bill, denied them the right to withdraw their former answer and file a new one, in which they proposed to take a position respecting the partition of said land different from that assumed by them in their former answer, and to claim the benefits of the decree of May 27, 1919, and share proportionally in the division of the oil and gas rentals with plaintiffs Campbell and others.    This new answer sets up reasons which it is assumed by them justify this change of position, namely, the death of F. W. Abney, and the failure of his personal representatives to comprehend or appreciate, until after the commissioner's report was filed, the inequitable results to them of the position taken in their original answer. One fact strongly appealing to a court of equity in behalf of these appellants is that if they should be held to the concessions in their original answer, they would, on the principles of the decree pronounced here, be compelled to account to the other partitioners for about all of the $1,900.00 received by them for royalty or rent for the gas well on their lot, and not be allowed to share in the royalty oils and gas rentals produced from the other lots.    The record shows how inequitable this result would be to the Abney estate, and there appears no just reason on principles of estoppel, rules of pleading, or otherwise, why they should not be allowed to share with the other partitioners according to the decree and as reported by the commissioner to whom the cause was thereby referred.    This conclusion, we think, is supported by the case of *Depue* v. *Sergent,* 21 W. Va. 326, and in *Smith* v. *Babcock,* 3 Summ. 583, cited and approved in the Sergeant case.

Since the foregoing appeals were allowed and docketed here, John Edward Lewis has appeared and cross-assigned error.    His counsel says in his brief that before the Abney estate assumed their new position, he was satisfied to stand by said partition; but now he opposes the decree in favor of said Abney estate, giving to it what would have been his share in all the gas under the whole tract and fifteen-sixteenths of his one-sixth in all the oil therein, for the reason that under his contract with said F. W. Abney, he granted

Abney only the gas and fifteen-sixteenths of all the oil under the particular ninety acres allotted to him in said partition. He also insists that his wife Amanda E. Lewis is a necessary party to the suit, and that because of her absence the whole decree should be reversed. We do not see what right John E. Lewis has to complain. By his contract with Abney made before the partition, he and his wife undertook to sell to said Abney "all their interest in the lands belonging to the estate of Edward Lewis, situate on the head of Little Sandy, in Roane County, West Virginia, at the price of twenty dollars per acre, the said interest being an undivided one-sixth (1-6)." True, by the same contract they also agreed that as soon as partition of said lands should have been made and the interests of the parties therein allotted to them that they would make to said Abney a deed therefor with covenants of general warranty, free from incumbrances or adverse claims, reserving however from said conveyance a one-sixteenth (1-16) part of the oil in said land if any should be found therein; but, except for the one-sixteenth of the oil reserved, said Lewis and wife by their contract agreed to sell their interest in the estate in said land; wherefore as the decree gives said Lewis, or does not give to Abney, the one-sixteenth of the one-sixth of the oil under the whole tract, but leaves that one-sixteenth to said Lewis, how can he be heard in behalf of his brothers and sisters whose rights and interests are fixed by the decree of this court and by that of the circuit court, of May 27, 1919, appealed from by them. That Lewis's wife, Amanda E. Lewis, is not an interested or necessary party to this suit, we have already shown in response to the same point made in behalf of Lucy J. Lynch and others.

From the foregoing it manifestly appears that the decree below of January 23, 1920, must be reversed, and the cause remanded, to be proceeded with according to the principles herein adjudicated and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*