# ROY ELIASON v. PRODUCTION CREDIT ASSOCIATION OF AITKIN.

106 N. W. (2d) 210.

November 25, 1960—No. 37,929.

*Robert S. Parker,* for appellant.
*Clinton W. Wyant,* for respondent.

LOEVINGER, JUSTICE.

This is an appeal by plaintiff from an order denying judgment notwithstanding the verdict for defendant or a new trial in a suit for conversion of cattle. The controversy arises out of plaintiff's allowing the cattle to remain in possession of one Edward Hasbrook. Hasbrook mortgaged the cattle to defendant, and defendant received the proceeds when Hasbrook sold the cattle. Plaintiff contends he had rented the cattle to Hasbrook and is entitled to the proceeds. Defendant contends the cattle were sold to Hasbrook; or that plaintiff is estopped from claiming title because of the circumstances of Hasbrook's possession.

The evidence is conflicting, and testimony is challenged. No useful purpose would be served by reviewing the details of evidence. The case was clearly for the jury, which rendered a 10 to 2 verdict for defendant after 11 hours of deliberation. It is not the function of this

court to substitute its judgment for a jury verdict on the weight of conflicting evidence.

Plaintiff claims certain errors of law. Plaintiff requested the court to instruct the jury that "any estoppel must be certain to every intent" and established by "clear, precise and unequivocal" evidence. The court refused to give that instruction, and instructed, in substance, that estoppel must be shown by "a fair preponderance of the evidence."

The rule that an estoppel must "be certain to every intent" and may not rest on "argument or inference" was apparently first enunciated by Coke.[1] That or similar language has been repeated, generally without attribution, in numerous cases and has become hornbook law.[2] The language of most cases concerning estoppel seems to be derived from the statement of Coke, but to be phrased in terms of evidence or proof. However, there is no uniformity of language or view as to proof of estoppel even among cases in a single jurisdiction. Thus it is said, variously, that estoppel must be proved clearly,[3] clearly and unequivocally,[4] by clear, precise, and unequivocal evidence,[5] by clear and satisfactory evidence,[6] by clear, convincing, and satisfactory evi-

---

[1]Calkins v. Copley, 29 Minn. 471, 13 N. W. 904; 19 Am. Jur., Estoppel, § 199.

[2]Footnote 1, *supra*; Trayer v. Bristol Parking, 198 Va. 595, 95 S. E. (2d) 224; Rassmus v. Carey, 11 Alaska 456; Mescall v. W. T. Grant Co. (7 Cir.) 133 F. (2d) 209; Enstrom v. Dunning, 136 Fla. 253, 186 So. 806; Eckstein v. Northwestern Mutual Life Ins. Co. 226 Wis. 60, 275 N. W. 916; Noell v. Remmert, 326 Mo. 148, 30 S. W. (2d) 1009; Security State Bank v. Wernick, 51 N. D. 219, 199 N. W. 948; Campbell v. Lynch, 88 W. Va. 209, 106 S. E. 869.

[3]Agricultural Credit Corp. v. Scandia American Bank, 184 Minn. 68, 237 N. W. 823; Payne v. Payne, 241 Mich. 547, 217 N. W. 756; Security State Bank v. Wernick, 51 N. D. 219, 199 N. W. 948; First Nat. Bank v. Ahrens, 64 Colo. 23, 170 P. 193; Campbell v. Lynch, 88 W. Va. 209, 106 S. E. 869; Lorenz v. Rousseau, 85 Cal. App. 1, 258 P. 690.

[4]Kroll v. Close, 82 Ohio St. 190, 92 N. E. 29, 28 L.R.A. (N.S.) 571.

[5]Trayer v. Bristol Parking, 198 Va. 595, 95 S. E. (2d) 224; Fitzgerald v. Fitzgerald, 194 Va. 925, 76 S. E. (2d) 204; Brown v. Crozer Coal & Land Co. 144 W. Va. 296, 107 S. E. (2d) 777.

[6]Knight v. Rice, 83 Ariz. 379, 321 P. (2d) 1037; Universal Products Co. Inc. v. Emerson, 36 Del. 553, 179 A. 387, 100 A. L. R. 956; Missouri

dence,[7] by evidence that is full, clear, and convincing,[8] by strong evidence,[9] and with unusual clearness.[10]

An analysis of the cases indicates that there has been no attempt to distinguish between the quantum or weight of the evidence and the substance or implication of the evidence required to establish estoppel. This court has previously pointed out the importance of the distinction between the quantum and the substance of evidence.[11] Although the cases speak generally in terms of proof of estoppel, the thrust of the opinions seems to be to characterize the facts necessary to create estoppel rather than the quantum of evidence required to establish the facts. Thus, a number of cases state that one asserting estoppel must establish it by a preponderance of evidence.[12] However, confusion on this point is illustrated by the fact that some of the same cases say that there must be clear and satisfactory proof by a preponderance of the evidence.[13]

---

Managerial Corp. v. Pasqualino (Mo. App.) 323 S. W. (2d) 244; John Hancock Mutual Life Ins. Co. v. Dawson (Mo. App.) 278 S. W. (2d) 57.

[7]Eckstein v. Northwestern Mutual Life Ins. Co. 226 Wis. 60, 275 N. W. 916; Rivers v. Metropolitan Life Ins. Co. 232 Iowa 687, 6 N. W. (2d) 3; Stookesberry v. Burgher, 220 Iowa 916, 262 N. W. 820; Fiers v. Jacobson, 123 Mont. 242, 211 P. (2d) 968; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co. (9 Cir.) 249 F. (2d) 277; Goodwin Tile & Brick Co. v. DeVries, 234 Iowa 566, 13 N. W. (2d) 310, 155 A. L. R. 346.

[8]Boston & Maine R. v. Hannaford Bros. Co. 144 Me. 306, 68 A. (2d) 1.

[9]Fergerson v. Utilities Elkhorn Coal Co. (Ky.) 313 S. W. (2d) 395.

[10]Taylor v. Turner (La. App.) 45 So. (2d) 107.

[11]Carpenter v. Nelson, 257 Minn. 424, 101 N. W. (2d) 918.

[12]General Motors Acceptance Corp. v. Gandy, 200 Cal. 284, 253 P. 137; Ford v. Culbertson, 158 Tex. 124, 308 S. W. (2d) 855; McKinney v. Hindman, 86 Ore. 545, 169 P. 93, 1 A. L. R. 1476; Briscoe v. Merchants & Miners Bank (Mo. App.) 102 S. W. (2d) 751; State v. Fidelity & Cas. Co. (Mo. App.) 82 S. W. (2d) 123; New York Cent. R. Co. v. General Motors Corp. (N. D. Ohio) 182 F. Supp. 273.

[13]State v. Fidelity & Cas. Co. (Mo. App.) 82 S. W. (2d) 123; New York Cent. R. Co. v. General Motors Corp. (N. D. Ohio) 182 F. Supp. 273; McKinney v. Hindman, 86 Ore. 545, 169 P. 93, 1 A. L. R. 1476.

The apparent source of this confusing and paradoxical language is 31 C. J. S., Estoppel, § 162.

Analysis of the cases suggests that the requirement of certainty, clearness, and lack of ambiguity refers to the character of the conduct upon which estoppel is rested rather than to the quantum or weight of the evidence relied upon to prove such conduct.[14] The correct rule is that one asserting equitable estoppel must prove by a fair preponderance of the evidence acts, representations, or omissions which are clear, positive, and unequivocal in leading another to a reasonable belief in facts which the estoppel precludes from denial.

Consideration of the underlying policy and the practical consequences of alternatives supports the view that the facts giving rise to equitable estoppel need be proved only by a fair preponderance of evidence, but that the facts themselves must be clear, positive, and unequivocal in their implication. Since estoppel operates to suppress evidence of alleged facts, it is not to be derived from anything other than conduct which is unmistakably inconsistent with the facts alleged by the person estopped. However, since it is an equitable doctrine invoked to prevent imposition and injustice, it should be applied, where appropriate, upon the same quantum of evidence that may be relied upon to support an inequitable claim.[15]

Different considerations are involved, and therefore the rule as to quantum of proof may be different, where estoppel is invoked to defeat title to land,[16] or to vary the terms of a written agreement.[17]

---

[14]Cannon River Manufacturers' Assn. v. Rogers, 51 Minn. 388, 53 N. W. 759; Calkins v. Copley, 29 Minn. 471, 13 N. W. 904; General Motors Acceptance Corp. v. Gandy, 200 Cal. 284, 253 P. 137; Payne v. Payne, 241 Mich. 547, 217 N. W. 756; Security State Bank v. Wernick, 51 N. D. 219, 199 N. W. 948; Campbell v. Lynch, 88 W. Va. 209, 106 S. E. 869; Stevens v. Turlington, 186 N. C. 191, 119 S. E. 210, 32 A. L. R. 870; Knight v. Rice, 83 Ariz. 379, 321 P. (2d) 1037; John Hancock Mutual Life Ins. Co. v. Dawson (Mo. App.) 278 S. W. (2d) 57; Holden & Martin Lbr. Co. v. Stuart, 118 Vt. 286, 108 A. (2d) 387 (waiver).

[15]See, Dimond v. Manheim, 61 Minn. 178, 181, 63 N. W. 495, 497.

[16]Finley v. Finley, 43 Wash. (2d) 755, 264 P. (2d) 246, 42 A. L. R. (2d) 1379; Mugaas v. Smith, 33 Wash. (2d) 429, 206 P. (2d) 332, 9 A. L. R. (2d) 846; City of Clatskanie v. McDonald, 85 Ore. 670, 167 P. 560; Leahy v. Murray, 16 Ill. (2d) 350, 158 N. E. (2d) 30; Girden v. Alubowicz, 136 Conn. 511, 72 A. (2d) 491; Walters v. Bentley, 236 Ky.

Since it is unnecessary to the decision of the instant case, we express no opinion on these points.

What has been said indicates that the instructions were correct in stating that the facts creating an estoppel must be established by a preponderance of the evidence. The instructions did not draw the distinction noted here, but there seems to be no reported precedent discussing this point with respect to estoppel. Although the court failed to instruct that, if the jury found the facts established by a preponderance of the evidence, the inference of estoppel must be clear, positive, and unequivocal, it did state the representations and ultimate facts required to constitute estoppel in this case. The charge was not a model of precision on this point, but technical imprecision in an instruction does not require reversal.[18] The charge was sufficient to inform the jury of the findings required in the setting of the evidence.

Plaintiff complains of other errors in the charge, rulings, and conduct of the trial. We have examined the record and concluded that none of the matters complained of was material or prejudicial if erroneous. None is of sufficient importance or general interest to require further discussion herein.

Affirmed.

---

136, 32 S. W. (2d) 747; Riffe v. Walton, 105 Kan. 227, 182 P. 640, 6 A. L. R. 549.

[17]Craswell v. Biggs, 160 Ore. 547, 86 P. (2d) 71; Oregon Portland Cement Co. v. E. I. Du Pont de Nemours & Co. (D. Ore.) 118 F. Supp. 603.

[18]Knox v. City of Granite Falls, 245 Minn. 11, 72 N. W. (2d) 67, 53 A. L. R. (2d) 1091; Anderson v. Hegna, 212 Minn. 147, 2 N. W. (2d) 820.